# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0698V
**Filed: June 4, 2018**
UNPUBLISHED

|   |   |
|---|---|
| JULIUS VINE, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Michael Avrim Firestone*, Marvin Firestone, MD, JD and Associates, San Mateo, CA, for petitioner.
*Lisa Ann Watts*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On May 25, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that, after receiving an influenza vaccination on September 30, 2015, he "suffered the Table Injury known as Shoulder Injury Related to Vaccine Administration (SIRVA) . . . [or] [i]n the alternative . . . suffered some form of neurological syndrome or physical injury, either or all of which was caused-in-fact by the above stated vaccination." Petition at 1 (internal quotations omitted); *accord. id.* at ¶¶ 2, 34. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 19, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for his SIRVA. On June 4, 2018, respondent filed a proffer on

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award of compensation ("Proffer") indicating petitioner should be awarded $90,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. *Id.* Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $90,000.00 in the form of a check payable to petitioner, Julius Vine.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                            **s/Nora Beth Dorsey**
                                            Nora Beth Dorsey
                                            Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JULIUS VINE,<br><br>       Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | No. 17-698V<br>Chief Special Master Dorsey<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On May 25, 2017, Julius Vine ("petitioner") filed a petition for vaccine injury compensation alleging that he suffered a left shoulder injury related to vaccine administration ("SIRVA"), a Table injury, following receipt of an influenza ("flu") vaccination administered on September 30, 2015.  Respondent filed his Rule 4(c) Report conceding entitlement to compensation on January 18, 2018.  The Chief Special Master issued a Ruling on Entitlement on January 19, 2018.

**I.  Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $90,000.00 for his pain and suffering, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future damages.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $90,000.00 in the form of a check payable to petitioner.[2] Petitioner agrees.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

s/Lisa A. Watts
LISA A. WATTS
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.:   (202) 616-4099

DATED: June 4, 2018

---

[2] Petitioner is a competent adult.   Proof of guardianship is not required in this case.